```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
                                       :
UNITED STATES OF AMERICA               :
                                       :   SEALED INFORMATION
        - v. -                         :
                                       :   23 Cr. ___
CHRISTOPHER SALAMONE,                  :
                                       :
        Defendant.                     :
                                       :
------------------------------------ x
```

23 CRIM 496

The United States Attorney charges:

## COUNT ONE
### (Conspiracy to Commit Securities Fraud)

1.  From in or about November 2022 to in or about May 2023, in the Southern District of New York and elsewhere, CHRISTOPHER SALAMONE, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree to commit offenses against the United States, to wit, (i) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5 and (ii) securities fraud, in violation of Title 18, United States Code, Section 1348.

2.  It was a part and object of the conspiracy that CHRISTOPHER SALAMONE, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they

were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

3. It was further a part and object of the conspiracy that CHRISTOPHER SALAMONE, the defendant, and others known and unknown, would and did knowingly execute, and attempt to execute, a scheme and artifice to (a) defraud a person in connection with a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of a security of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, in violation of Title 18, United States Code, Section 1348.

### Overt Acts

4. In furtherance of the conspiracy and to effect its illegal objects, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a. Between on or about December 1, 2022 and on or about December 15, 2022, SALAMONE purchased shares and call options in Maxar Technologies ("Maxar") stock based on material non-public information he received from Viggiano.

   b. On or about January 24, 25, and 27, 2023, SALAMONE purchased shares in Atlas Technical Consultant, Inc. ("Atlas") stock based on material non-public information he received from Viggiano.

c. On or about February 24, 2023, Salamone purchased call options in Syneous Health ("Syneous") stock based on material non-public information he received from Viggiano.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud – Maxar Trading)

The United States Attorney further charges:

5. In or about December 2022, in the Southern District of New York and elsewhere, CHRISTOPHER SALAMONE, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, on the basis of material nonpublic information that Viggiano misappropriated from Firm-1 and knowing of Viggiano's breach of duty, SALAMONE purchased shares and options of Maxar.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT THREE
### (Securities Fraud – Atlas Trading)

The United States Attorney further charges:

6. In or about January 2023, in the Southern District of New York and elsewhere, CHRISTOPHER SALAMONE, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, on the basis of material nonpublic information that Viggiano misappropriated from Firm-1 and knowing of Viggiano's breach of duty, SALAMONE purchased shares of Atlas.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## COUNT FOUR
### (Securities Fraud – Syneous Trading)

The United States Attorney further charges:

7. In or about February 2023, in the Southern District of New York and elsewhere, CHRISTOPHER SALAMONE, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce and of the mails, and a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of

Federal Regulations, Section 240.10b-5 by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, on the basis of material nonpublic information that Viggiano misappropriated from Firm-1 and knowing of Viggiano's breach of duty, SALAMONE purchased options of Syneous.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

8. As a result of committing one or more of the offenses alleged in Counts One through Four of this Information, CHRISTOPHER SALAMONE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

Substitute Assets Provision

9. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

    (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

*[signature]*

DAMIAN WILLIAMS
United States Attorney