UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                :

UNITED STATES OF AMERICA
                                                :     CONSENT PRELIMINARY ORDER
         - v. -                                       OF FORFEITURE/
                                                :     <u>MONEY JUDGMENT</u>

CHRISTOPHER SALAMONE,
                                                :     23 Cr. 496 (KPF)
         Defendant.
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 21, 2023, CHRISTOPHER SALAMONE (the "Defendant"), was charged in a four-count Sealed Information, 23 Cr. 496 (KPF) (the "Indictment"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); and securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Counts Two through Four);

        WHEREAS, the Information included a forfeiture allegation as to Counts One through Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Four, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Four that the Defendant personally obtained;

        WHEREAS, on or about August 20, 2024, the Defendant pled guilty to Counts One through Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One through Four of the

Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $307,239 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-conspirator, Anthony Viggiano, charged in *United States v. Viggiano, et. al.,* 23 Cr. 497 (VEC) ("Viggiano"), to the extent a forfeiture money judgment is entered against Viggiano in that case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Peter J. Davis and Jared P. Lenow, of counsel, and the Defendant and his counsel, James A. Pascarella, Esq., that:

1. As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $307,239 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to

the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his Viggiano, to the extent a forfeiture money judgment is entered against Viggiano in his case, shall be entered against the Defendant.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant CHRISTOPHER SALAMONE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.  All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        8/20/24
     PETER J. DAVIS                          DATE
     JARED P. LENOW
     Assistant United States Attorneys
     26 Federal Plaza
     New York, NY 10278
     (212) 637-2468/-1068


CHRISTOPHER SALAMONE

By: _____        8/20/24
     CHRISTOPHER SALAMONE                    DATE


By: _____        8/20/24
     JAMES A. PASCARELLA, ESQ.               DATE
     Attorney for Defendant
     1551 Franklin Avenue
     Mineola, NY 11501
     (516) 741-3476


SO ORDERED:

_____            8/20/2024
HONORABLE KATHERINE POLK FAILLA             DATE
UNITED STATES DISTRICT JUDGE